and L. Appellants. Mr. Katz for the Appellants, Mr. Crawford for the Appellant. May it please the Court. Good morning, Your Honors. Good morning. This case, for Your Honors, is entirely a matter of law. The ruling below is subject to a de novo review by Your Honors. No discretion is appropriate and, in fact, it should be reversed on many grounds. Primarily, we ask that Your Honors reverse otherwise, what otherwise might be looked at as controlling law in this precedent. We ask that Your Honors reverse Zuckerman-Spader or at least heavily clarify Zuckerman-Spader. Well, we can't do that as a three-judge panel. We can do that as an in-bank court, at least as to reversing. Yes, Your Honor. In terms of clarification, Your Honors, I believe, can rely on Supreme Court precedent without being bound by Zuckerman-Spader in that respect. So I apologize. I do ask that Your Honors look to the controlling Supreme Court precedent and bear in mind that every other circuit in this country has deemed the right of arbitration as one that can be waived but not forfeited. It's only this circuit, only as of 2011 in Zuckerman-Spader, that Zuckerman-Spader realized it was partying with 40 years of this own circuit's jurisprudence. It recognized whether Moses Cone Memorial Hospital, the Supreme Court, and several other Supreme Court cases that all mandate the preferential treatment of arbitration agreements, that mandate arbitration, that any doubts be resolved in favor of arbitration. But yet, in Zuckerman-Spader, the circuit walked away from the waiver analysis and all that imports. Can I ask a question on Zuckerman, which is that we said that it needs to be raised at the first available opportunity. I just want to go factually here in this case. It seems like there were a variety of opportunities for this to be raised before it was in fact raised. And so, therefore, isn't that a problem under Zuckerman's first available opportunity language? Your Honor, the waiver versus forfeiture would play directly into that because waiver requires the relinquishment of a known right or the known relinquishment of a known right. Forfeiture occurs as a matter of law. The court below didn't care whether or not... Just on my question, I understand your point on that and I recognize your point on that. But there were opportunities in the proceedings to raise this, correct, and it was not raised. So the answer is filed. There's an initial motion to dismiss, and I realize that was the individual defendants. There's the scheduling conference, the meet and confer. There were various proceedings that took place until this was finally raised, correct? That's correct? It's correct, Your Honor. The appellants raised arbitration within three days of learning of the arbitration agreement. When you say raised, tell us what you did to raise arbitration within three days. We reserved the rights that we invoked, our desire to arbitrate. You didn't invoke, did you? You may have stated that you were reserving, but you did not invoke, did you? We demonstrated an intention. What were your words? Court's indulgence. It's in the footnote, right? It's in the footnote, yes, Your Honor. And I thought it merely referred to reserving. That's what I'm suggesting. If you did not invoke, you didn't say we want arbitration. You said we're reserving the place of arbitration. Your Honor, it's not law. Law is not a system of words and semantics. If I didn't, if the word invoked. It's all about words and semantics. It ought not to be. And I don't think that the Supreme Court established the FAA that way. The words were, this motion to dismiss is filed without prejudice to specifically reserving and without waiving Dreamcatcher's right to compel arbitration of all claims not otherwise dismissed. When did you first attempt to invoke that supposed right of arbitration? It was not within 30 days. We contend that footnote was an invocation of the right to arbitrate. Zuckerman-Spader itself talks about it. Is reservation and invocation the same thing? I believe so, Your Honor. Is waiver and forfeiture the same thing, then? No, absolutely not. So that's an okay use of semantics there, then. Zuckerman-Spader itself talks about the desire to rely on arbitration. We made that clear. We couldn't be clearer. This motion to dismiss is filed without prejudice. Yes, you could. You could be far clearer if you intended to invoke the arbitration. You didn't say you were invoking the arbitration. You said you deserved it, but you didn't claim it. Your Honor, the rules of the trial court require that any motion needs to be, consent needs to be sought. We were waiting. We had sought consent before filing this. We didn't know if the answer would come down yes or no. We couldn't yet file a motion to arbitrate. We filed the motion to dismiss. We invoked. We reserved the right. We demonstrated to everybody. We let everybody know. There's an arbitration agreement here. Within three days of when we learned about it, when I say we, you know, those that understand the law. How long has the litigation been going on at that point? The three days you're talking about, what's that measured from? Within three days after what? To address the known relinquishment. Within three days after what? After counsel learned of the existence of an arbitration agreement. How long had the litigation been going on at that point? It had been, it was removed to the federal court in October. And when was this, when did this three days commence? It was learned on January 10th. And the litigation had been in federal court since October at that point, in January. So that's three months there. And then there was some time from the filing in D.C. court before that, wasn't there? Your Honor, if I may, my time is running. If I may, and that delay itself doesn't constitute prejudice. Zuckerman and Spader recognized that. Okay. But Zuckerman said it typically has to be filed at the first available, or it has to be filed at the first available opportunity, and typically that would be in the first response of pleading. And it wasn't done here that way. And there's a savings clause in Zuckerman and Spader as well, recognizing, I think, that delay alone does not constitute prejudice. It wasn't just a delay, though. They had to file and there was some discovery as well, right? Limited, I take that. But there's not zero costs here. Your Honor, there was no discovery filed until after, in fact, the actual motion to arbitrate, to compel arbitration. So in that sense, you know, you certainly can't look at this court, certainly could not look at things filed after the motion to arbitrate as being costs. The initial, there's a scheduling conference to meet for, there's the initial disclosures. This court, this panel needs to put, needs to address de minimis, needs to address what constitutes de minimis. Is one scheduling, is appearing to one scheduling conference, is that a cost? Counsel is ten minutes away from this courthouse. It is a cost. Is it a cost that rises to overturn and to undermine the Supreme Court's high favorability towards arbitration? Does the Supreme Court adopt a rule that we're going to take into account when counsel figures out what the papers are and that's the way we start counting? That can't be your test. You said I did it, it was done within three days after we figured it out. That doesn't sound like an appropriate test. If we demonstrate it was not a knowing relinquishment, then I would say yes, Your Honor. But the question is how long counsel on behalf of clients can delay before informing the court on the other side. It's just like there are rules with respect to raising affirmatives. You've got to act within some kind of timely period. And no, it's not within your control to do it whenever it's appropriate or whenever you figure it out. No, that's not the rule. I ask that Your Honor consider Zuckerman Spader had been before the trial court for close to two years. There were three various amended complaints. There were counterclaims. There were depositions taken. There was a mediation with a settlement judge of the court. After all that, arbitration was requested. That is not this case. Thank you, Your Honor. And what was the result in that case? What did we hold in Zuckerman Spader? That all that was prejudice because of the costs. Two years of litigation, depositions, counterclaims. Did we give any indication that it was necessary that there be that much time or that much goes? Zuckerman Spader said that arbitration needs to be raised as an affirmative defense, which is not the case. The rule regarding affirmative defense is arbitration is an affirmative defense after there's an award pursuant to arbitration, not just the right of arbitration. Okay, we'll give you a couple minutes on rebuttal.  Thank you, Your Honor. Good morning, Your Honors, and may it please the court. My name is Mark Crawford. I represent the appellee, Stephen Kelher, plaintiff in the case below. The question before the court is whether the district court judge properly applied the law in ruling upon Dreamcatcher's motion to stay and compel arbitration, which was filed in April of 2017. What's the prejudice? Well, there's substantial prejudice. First of all, the parties went through extensive motions practice as to the merits of the issues themselves on the face of the pleadings. There was a motion to dismiss, not on procedural grounds, not that there was a frivolous lawsuit as was alluded to in the Conn case. There were issues as to whether the individual defendants should be held in the case on grounds of alter ego or corporate veil-piercing liability. Well, that has nothing to do with this. That was being played out. That had nothing to do with the request for arbitration. Right, but respectfully, all of that was going on prior to the time that arbitration… I'm trying to figure out how you're measuring cost and what the prejudice is. The fight over the corporation and its inclusion is a different issue. Well, the corporate… What's the cost? Take that away. What's the cost? It wasn't substantial motion practice, as far as I get. Substantial with respect to what we're talking about? What was substantial? Well, what was substantial with respect to what we were talking about is that there was motions practiced by the corporation. They moved to dismiss substantively certain counts of the complaint. As to them, there was… What does that have to do with the timing of the request for arbitration? Well, because it's Appelli's position that it's improper and that this is part of the underlying rationale for Zuckerman and even Kahn and the whole body of cases that address this issue, that it's improper to invoke the litigation machinery to use the litigation process in an effort to obtain a result, a substantive result, and then take whatever other issues remain that aren't decided in your favor and jump the traps over to arbitration and attempt to arbitrate. But I'd like to discuss some other aspects of prejudice. Well, you can read Zuckerman to say first appropriate moment, either after the filing of the answer to the complaint or the first motion. Now, if you look, if you can read Zuckerman that way, the timing starts with the filing of the motion. It's not untimely. I'm not. Well, again, I would have to disagree with that. There was a complaint that was filed. There were answers that were… There was a complaint that was filed. There were answers filed in October of 2016. There was an answer by Dreamcatcher that included a Rule 8B3 general denial as to the facts and raised 15 separate affirmative defenses, none of which mentioned arbitration, and the individual defendants filed a motion to dismiss. Those were the defendants' first opportunity to raise the arbitration issue, and they did not do it either in a motion or as an affirmative defense. In an answer, the parties went on. There was not just the initial conference, which I would suggest is not de minimis to put together the initial conference. So what you're saying is the cost of litigation in the meantime was the prejudice you asserted. Yes, sir. Is that the short answer? And it was substantial. In addition to which, besides the motions practice, there were Rule 26A disclosures on the part of defendants, which constitutes discovery, and there were Rule 26A2 expert disclosures, which constitute discoveries. So I guess thinking about Zuckerman, it didn't purport to establish a bright-line rule for all cases that if you fail to raise it before the answer, before the motion to dismiss, then it's over. It said typically, and then as Judge Edwards points out, it says prejudice. But if we accept your reading, won't it tend to convert Zuckerman into more of a bright-line rule that you lose in all cases? No, I don't think so. So what are some examples of when you could fail to raise it in the first response of pleading and still be allowed to invoke your right to arbitration? Can you think of any? Maybe if one failed to raise it in an initial response of pleading but raised it, not only referenced it in a footnote but invoked it through an affirmative request for a stay or some affirmative effort to have the court stop the litigation and compel arbitration, as wasn't done here until April. If that was done shortly, within a reasonably short time frame after the initial pleadings, before any kind of significant activity had taken place in the case. If the invocation here had occurred in January as opposed to the reservation, if we treated that as an invocation, do you still win? I think so, yes, sir, because there's significant activity that goes on with consultation between client and counsel litigation strategy. But that's not what Zuckerman says. Zuckerman says typically in filing his first response of pleading or motion to dismiss, you're trying to make it a bright-line test referring to the response to the complaint. I'm not sure what you're saying. Zuckerman is not as tight as what you're saying. So you could look at this case. There's a question as to whether or not the footnote satisfies a requirement of an invocation. That's a serious question there, I understand. But you're not even willing to concede that we should time it with reference to the motion to dismiss, which Zuckerman does say that's a possibility, time it with reference to the motion to dismiss. What I'm saying, Your Honor, is even if the court were to deem the request for arbitration to have been or the right to arbitration to have been invoked as of that period of time, there had already been litigation activity, costs incurred, the initial conference. Because the answer had been filed, right? The answer had been filed late October, I guess. Correct. And so between late October and late January, you're saying there was cost. Yes, sir. But they say de minimis. Well, I suggest it's relatively self-serving when the excuse is I, the contractor, didn't even know what my own contract said until my lawyer explained it to me. That's not responsive to what Judge Kavanaugh is saying. Are they right that it's de minimis? It's not whether their excuse is any good. We're talking about was there really were costs that were beyond de minimis. You didn't respond to that. Well, I submit that there were costs that were beyond de minimis. Based on what? I mean, what are we talking about? You've listed some things. They may or may not have been expensive. Let's forget the time for the minute. But what are we talking about? Well, I'm talking to you. I'm not getting what the accumulated costs were that were beyond de minimis. And I'm not saying you're wrong. I'm just saying I don't understand. I'm talking about the motions practice, which I understand the court has indicated that you deem that potentially to be separate from what I'm discussing. But I believe that the cost of litigating these issues, while we could have been simply addressing the arbitration question, is more than de minimis. And that did occur in this case. And that the process of consultation between lawyer and client, preparation for appearance before the judge for initial conference, preparation for a conference when motions to dismiss were pending. And at that December 16th conference, Judge Mata said, I realize this is not set as a motions hearing, but I would like to hear from counsel on the issues. And I needed to be prepared to address, to fully address all the issues that were pending at that time, none of which had anything to do with arbitration. And that involved a significant amount of work on my part, and I submit more than de minimis costs. You'd say that any of your time is more than de minimis costs. Well, I'd like to think so. In all seriousness, no, there is some. Where exactly to draw the line, I guess, is one of the questions that the court needs to consider. And I don't know exactly where that line is, but I feel comfortable that what was done. So the question is, does the side that was the right to invoke arbitration have any room to think about it in light of how the litigation is setting up? Or must you do it, or are you suggesting it must be done immediately? Because if it's not done immediately, the other side is going to have to engage in some litigation practice, and in your view, any litigation practice is too costly. Is there any room for the side that has the right to invoke to think about whether it would be appropriate or inappropriate in this case, depending upon how it sets up? I would go back to the language of Zuckerman. Now tell me, Zuckerman doesn't really help you there, because it says filing in its first response of pleading or motion to dismiss. The motion to dismiss may come later, after the first response to the complaint, which suggests there may be room, and the court may be suggesting, well, you know, it says typically filed, as if to suggest, well, you know, it depends on how it's playing out. That's the word I was going to focus on when I said go back to Zuckerman, typically, which suggests that the majority of the time the answer is no. One needs to raise the issue at the outset of the case. No, the typically refers to first response of pleading or motion to dismiss, or, which is the room for, well, I've got to think about it. Okay, now I've thought about it. I'm past the very first time. I'm now up to what Zuckerman says is motion to dismiss. I ought to be saying something by now. Then the question is, does that footnote count? Well, I think that my answer to whether a person who believes they may have a right to argue or arbitrate can take some time to assess how the course of the litigation is proceeding and what the prospects are and then make a decision as to which venue, which forum they'd like to proceed is not appropriate. Is not appropriate? Well, I don't see that in Zuckerman. That's a strange notion, not appropriate. I'd like to hear you on the other side of it, if it were you on the flip side of this case, and read Zuckerman and say, no, there's no room whatsoever. You're essentially saying it has to come in the answer to the complaint. That seems a little strange. Well, or shortly thereafter, if there was an oversight in drafting the initial pleading before a significant amount of time had passed in the complaint, that's how I read typically in Zuckerman, Your Honor, in effect. Okay. Okay. Thank you. Thank you very much. Sure. I'll give you two minutes for rebuttal. No. Two minutes for rebuttal. Oh, the other side. Yes. Yes. We're getting it now. Yes. Yes. Sorry about that, Rick. I was looking down. Thank you, Your Honors. In terms of the invocation question, is a footnote an invocation, is it not an invocation? Zuckerman Spader itself said at 923, Assuming for the sake of his argument that Offenburg told Zuckerman early and often of his intention to arbitrate, that representation is nowhere documented in the record. Zuckerman Spader wanted to know if there was an intention to arbitrate anywhere. And the footnote says not only do we want to arbitrate, it says we have requested consent to arbitration under the terms of the contract. We invoked arbitration by asking him to arbitrate, and we told that to the court. We represented to the court on January 27th. We asked the other side to arbitrate. We're waiting for their response. We certainly invoked our right to arbitrate, and we told the court about that. Why do you need their consent? Under the rules, I don't have the rule handy, Your Honor, but under the rule any nondispositive motion or any motion, with the exception of just a few that don't include arbitration, require a statement asked and whether it's been received from the other side. And, in fact, a motion I had filed earlier was immediately rejected because it didn't contain it. No, no, wait. Maybe I've got it wrong in my head, but to invoke, if I have the right to arbitrate, I can invoke that, and the other side, if it's required by law, they've got to go. Regardless, Your Honor. I don't need their consent. Is that wrong? Regardless, Your Honor, we invoked that right by telling the court. We asked them to consent. No, wait. I want to make sure I'm understanding. Am I correct in my understanding? I believe under the – and I apologize. I don't have the rule handy. I believe that under – I think it's in the paperwork. There's a rule of the circuit or certainly of the trial court that requires every motion, a local rule that requires every motion except with the exception of just one or two and not this one to a statement as to seek consent and a statement as to whether consent was granted or not. And we're just following the rule. With respect to the right to arbitrate. With any motion. And arbitration cannot proceed if the consent isn't given?  No, no, no. Really? Yeah. If the local rule says – I have to look that up. That's interesting. If the local rule says any motion with the exception of, you know, a motion to something, you know, one or two. Is the invocation of the right to arbitrate a motion? It's asking the court to do something. Yeah, the local rule covers motions in the court. But is the invocation of the right to arbitrate a motion such as would require consent or notice of consent? Respectfully, Your Honor, if this case turns on that determination, we haven't addressed the actual issue and the justice that's necessary in this case and in all cases in this circuit. Okay. Thank you very much to both counsel. The case is submitted.
judges: Kavanaugh, Edwards, Sentelle